J-A10011-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
DAVID H. VENABLE, SR. :
:
Appellant : No. 2192 EDA 2017

Appeal from the Judgment of Sentence June 2, 2017
In the Court of Common Pleas of Northampton County
Criminal Division at No(s): CP-48-CR-0003394-2016

BEFORE: GANTMAN, P.J., McLAUGHLIN, J., and RANSOM*, J.

MEMORANDUM BY GANTMAN, P.J.: **FILED JUNE 20, 2018**

Appellant, David H. Venable, Sr., appeals from the judgment of sentence entered in the Northampton County Court of Common Pleas, following his bench trial conviction for one count each of driving under the influence of alcohol or a controlled substance ("DUI") (general impairment and high rate of alcohol) and careless driving.[1] We affirm.

In its opinion, the trial court fully and correctly set forth the relevant facts and procedural history of this case. Therefore, we have no reason to restate them. We add only that the court convicted Appellant on May 12, 2017, of all charges and sentenced him on June 2, 2017, to three (3) days to six (6) months' incarceration plus fines. Appellant timely filed a notice of appeal on June 26, 2017. The court ordered Appellant on June 29, 2017, to

_____

[1] 75 Pa.C.S.A. §§ 3802(a)(1), (c); 3714(a).

_____

\* Retired Senior Judge assigned to the Superior Court.

file a concise statement of errors complained of on appeal per Pa.R.A.P.

1925(b), and Appellant timely complied on July 19, 2017.

Appellant raises the following issues for our review:

WHETHER THE TRIAL COURT ERRED IN REFUSING TO SUPPRESS THE RESULTS OF A BLOOD DRAW WHERE APPELLANT WAS READ THE DL-26B WARNINGS WHICH DO NOT ADDRESS ENHANCED CRIMINAL PENALTIES AND UNDER THE TOTALITY OF THE CIRCUMSTANCE[S] APPELLANT DID NOT KNOWINGLY AND VOLUNTARILY GIVE HIS CONSENT TO THE BLOOD DRAW?

WHETHER THE TRIAL COURT ERRED IN FINDING THE ARRESTING OFFICER HAD PROBABLE CAUSE OR REASONABLE SUSPICION TO PERFORM A VALID TRAFFIC STOP?

(Appellant's Brief at 5).

Our standard of review of the denial of a motion to suppress evidence

is as follows:

[An appellate court's] standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, [the appellate court is] bound by [those] findings and may reverse only if the court's legal conclusions are erroneous. Where…the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on [the] appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the [trial court are] subject to plenary review.

- 2 -

*Commonwealth v. Hoppert*, 39 A.3d 358, 361-62 (Pa.Super. 2012), *appeal denied*, 618 Pa. 684, 57 A.3d 68 (2012).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Michael J. Koury, Jr., we conclude Appellant's issues merit no relief. The trial court opinion comprehensively discusses and properly disposes of the questions presented. (*See* Trial Court Opinion, filed April 25, 2017, at 7-17) (finding: **(1)** at DUI processing center, Officer Molnar read Appellant DL-26B form that contained no reference to enhanced criminal penalties for failure to consent to blood draw; Appellant testified he believed he had no choice but to consent and recalled being told he would be subject to higher penalties if he did not consent; Appellant admitted his knowledge of DUI law stemmed from his prior DUI in 2004 and conversations with acquaintance; court considered Appellant's testimony incredible and concluded these events unlikely influenced decision to consent; further, Appellant wavered in his testimony at suppression hearing regarding his specific knowledge of potential penalties; although Appellant was unclear as to specific penalties associated with refusal to consent, Appellant did not clarify his understanding with DUI processing officer prior to blood draw; Appellant's argument, that citizens are presumed to know law and by extension Appellant is presumed to know Pennsylvania statute imposes enhanced criminal penalties on motorists who refuse to consent to blood draw, fails; if court presumes Appellant knows law, court

must presume Appellant knew that ***Birchfield***[2] decision called into question Pennsylvania's implied consent statute and provision authorizing enhanced criminal penalties for motorists who refuse to consent to blood draw; under totality of circumstances, Appellant voluntarily consented to blood draw; review of video recording from Northampton County DUI Processing Center revealed no police excesses or threats; Officer Molnar calmly read Appellant DL-26B warning; at conclusion of warning, Officer Molnar asked Appellant to consent to blood draw, and Appellant consented; Appellant actively participated in and testified at suppression hearing in English and was capable of understanding DL-26B warning as it was read to him; **(2)** Officer Fischer testified he observed Appellant exceed speed limit and fail to signal right-hand turn; Officer Fischer could "barely keep up" with Appellant; Officer Fischer had probable cause to conduct traffic stop).[3]  Accordingly, we affirm based on the trial court's opinion.

Judgment of sentence affirmed.

_____

[2] ***Birchfield v. North Dakota***, ____ U.S. ____, 136 S.Ct. 2160, 195 L.Ed.2d 560 (2016).

[3] ***See also Commonwealth v. Johnson***, ____ A.3d ____, 2018 PA Super 133 (filed May 21, 2018) (holding defendant's knowledge of law from previous arrest was irrelevant; threat of civil penalties and evidentiary consequences in DL-26 revised warning is permissible; form that did not threaten criminal sanctions for refusal to consent to blood draw accurately reflected post-***Birchfield*** law; police had no duty to provide defendant with update on law or criminal procedure prior to requesting blood-draw).

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/20/18